# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN THE MATTER OF:** | |
| José Regero Morales | CASE NO.: 10-08033 (**BKT**) |
| DEBTOR (S) | |
| FIRSTBANK Puerto Rico MOVANT | CHAPTER 13 |
| Alejandro Oliveras Rivera Trustee – Chapter 13 RESPONDENT'S | (X) Adequate Protection under 11 USC §1325 and §1326 (a) (1) |

## MOTION OBJECTING THE CONFIRMATION OF THE PLAN

**TO THE HONORABLE COURT**:

COMES NOW, Movant **FIRSTBANK Puerto Rico**, through its undersigned attorney and very respectfully states and preys:

**I. INTRODUCTION.**

1- The jurisdiction of the Honorable Court is ascertained under Title 28 USC§1334, Title 28 USC §157, Title 11 USC §361, on Adequate Protection and Title 11 USC §1325(a) (3) the plan has been proposed in good faith, and Title 11 USC §1325 (a) (C) the debtor surrenders the property securing such claim to such holder.

**II. FACTS.**

2- Movant standing is ascertained as it filed on September 22, 2010, a secure Lien claim holder on a personal security agreement for the amount of $17, 497.82, including the finance of the insurance policy. *See Claims Register no. 1-1*

3- The initial proposed plan dated August 31, 2010 was objected due to lack of evidence of the insurance policy under 1326 (a) (4): - policy that will need to be renew by December 28, 2010. *Bankruptcy Dck no 15filed on October 14, 2010* Parallel, to the objection, the debtors filed an amended plan dated October 13, 2010. The amended plan proposes to surrender the

collateral to FirstBank. After reviewing banks files; as of to October 29, 2010, the debtor has not surrender the collateral to this creditor.

### III. APPLICABLE LAW.

4- Title 11 USC §1325(a) (1), (3) and (5) provides that: - Except as provided in subsection (b), the court shall confirm a plan *if* -

> (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title; …
> (3) The plan has been proposed in *good faith* and not by any means forbidden by law; …
> (5) With respect to each allowed secured claim provide for by the plan-
> (A) The holder of such claim has accepted the plan; …
> (C) **The debtor <u>surrenders</u> the property securing such claim to such holder**.

5- The court is required to confirm the plan if six requirements are met. The plan must comply with the provisions of chapter 13 and with other applicable provisions of the bankruptcy code. *Legislative History to Section 1325*

6- With respect to secured claims provided for by the plan, the holder of the claim must have accepted the plan, or the debtor must either distribute under the plan the value, as the effective date of the plan, to the holder of the claim, property of a value that is not less than the allowed amount of the secured, as determined under proposed 11 USC §506(a), or the debtor must surrender the property securing the claim. *Supra*

7- The bankruptcy court must confirm a plan if (1) the plan if (1) the plan satisfies the provisions of chapter 13 and other applicable provisions of title 11; (2) it is proposed in good faith; (3) it is the best interest of creditors, as defined by subsection 9(a)(4) of section 1325; (4) it has been accepted by the holder of each allowed secured claim provided for the plan or where the holder of any such secured claim is to received value under the plan not less than the amount of the allowed secured claim, or where the debtor surrenders to the holder the collateral securing any such allowed secured claim; (5) the plan is feasible; and (6) the requisite fees and charges have been paid. [*House Report No 109-31, Pt 1, 109th, 1st Cong. Sess. 73-74 (2005)*]

8- Title 11 USC §361 provides that when adequate protection is required under sections 362, 363, or 364 of this Title of an interest of an entity in property, such adequate protection may be provided by – (1) requiring the Trustee to make a cash payment or periodic cash payments to such entity, (2) by providing to such entity an additional or replacement lien to the extend that such stay,

use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property, and (3) by granting such other relief.

9- The concept of adequate protection is derived from the Fifth Amendment protection of property interest a enunciated by the Supreme Court. *Wright vs. Union Central Life, Ins., 31 US 274 (1940); Louisville Joint Stock Land Bank vs. Radford, 295 US 555 (1935)*

10- The Courts had recognized various methods to provide adequate protection: (1) the first method is to provide periodic cash payments by the estate, to the extent of a decrease in value of the opposing entity's interest in the property involved. *In re Yale Express, Inc. 384 F2d. 990 (2d. Cir. 1967),* (2) the second method is the provision of an additional or replacement lien on the property to the extent of the decrease in value of the property involved, (3) the third method is the granting of an administrative expense priority to the protected entity to the extend of the loss, (4) the forth method gives the parties and the courts flexibility by allowing such other relief as will result in the realization by the protected entity in the value of its interest in the property involved. [*H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st. Sess. (1977) pp. 338-340*]

## IV. PLEA.

11- For the reasons stated hereinbefore Movant does not accept the plan as proposed.

WHEREFORE, **FIRSTBANK Puerto Rico** is respectfully requested from this Honorable Court grant this motion and not to confirmed the plan until debtor evidences compliance with all the requirements under the code.

### RESPONSE TIME NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**Rule 9013-1 (h)**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this the same day of the filing of this motion the a copy of this Motion its being sent by first class mail to the debtor(s) JOSE REGUERO MORALES, at the address on the docket, PMP 177, PO BOX 11850, SAN JUAN, PUERTO RICO 00922; to the

authorized addresses through/by the Bankruptcy CM/ECF System to: - the Debtor(s) counselor JOSE M PRIETO CARBALLO; - to Atty. Alejandro Oliveras Rivera, the Chapter 13 - US Trustee, / Atty. José Carrión Morales, the Chapter 13 - US Trustee, ; and to all the creditor's in the List of Creditors.

In San Juan, Puerto Rico, the 29th of October, 2010.

BY: //ss// María M. Benabe Rivera
María M. Benabe Rivera
Attorney for Movant - US - DC 208906
Maristella Sánchez – Rodríguez – US – DC 224714
FIRSTBANK Puerto Rico
1519 Ponce De León Ave., 2nd. Floor,
PO Box 9146, Santurce, P.R. 00908-0146
(787)729-8135 / (787)729-8276